UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 1:21-cv-20522

**ELLA FELDER**, an individual,

    *Plaintiff*,

vs.

**MICHAEL-ANN RUSSELL JEWISH COMMUNITY CENTER, INC.**, a Florida corporation,

    *Defendant*.

_____/

**COMPLAINT AND
DEMAND FOR JURY TRIAL**

Plaintiff ELLA FELDER, through her undersigned counsel, sues Defendant MICHAEL-ANN RUSSELL JEWISH COMMUNITY CENTER, INC., a Florida corporation, for damages, and in support thereof alleges as follows:

**JURISDICTION AND VENUE**

1. This action is brought pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("**Title VII**") as amended, including the Pregnancy Discrimination Act of 1978 ("**PDA**"), which is a part thereof; as well as the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq.*, as amended ("**FCRA**").

2. This Court has original jurisdiction over this civil action pursuant, among other things, to 28 U.S.C. §§ 1331 and 1343(a)(4). The Court also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367.

3. Plaintiff ELLA FELDER ("**Ms. Felder**") is a resident of Miami-Dade County, Florida, and is competent to bring this action.

4. Defendant MICHAEL-ANN RUSSELL JEWISH COMMUNITY CENTER, INC. ("**MAR JCC**") is a corporation governed under the laws of the State of Florida, and is *sui juris.*

5. Venue in the Southern District of Florida is proper because the workplace in which the unlawful practices were committed is located in the Southern District of Florida.

6. All conditions precedent to bringing this action, if any, have occurred, have been waived, or would be a useless act and are accordingly waived.

7. Plaintiff is entitled to recover reasonable attorneys' fees and costs from the Defendant, including but not limited to the provisions set forth in Title VII and the PDA; and the FCRA.

8. Plaintiff has retained the undersigned law firm to represent her in this action, and has agreed to pay a reasonable fee.

## GENERAL ALLEGATIONS

9. Plaintiff brings this action against MAR JCC for sex and/or pregnancy discrimination in the workplace in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as amended, including the Pregnancy Discrimination Act of 1978, which is a part thereof, and the Florida Civil Rights Act of 1992, Fla. Stat. § 760.01, *et seq.*, as amended.

10. Ms. Felder was employed as a teacher at the MAR JCC's Early Childhood Academy until she was unlawfully terminated by MAR JCC on or about June 9, 2020.

11. During the time Ms. Felder was a teacher at the MAR JCC's Early Childhood Academy, she never received any negative performance reviews. In fact, Ms. Felder had always been an exemplary employee since she was hired in 2013.

12. However, on or about June 9, 2020, the MAR JCC terminated Ms. Felder because she was pregnant.

13. As of that time, Ms. Felder's due date to give birth was in December 2020.

14. Ms. Felder's superiors at the MAR JCC were at all relevant times aware that Ms. Felder was pregnant.

15. Prior to Ms. Felder's termination, Ms. Felder's direct superior encouraged Ms. Felder to quit her job due to her pregnancy.

16. Ms. Felder's direct superior sent Ms. Felder several emails inquiring whether she intended to quit her job at the MAR JCC due to her pregnancy. However, Ms. Felder is not in possession of those emails because they were sent to her MAR JCC email address. MAR JCC revoked Ms. Felder's email access at the time she was terminated.

17. Additionally, in May 2020, Ms. Felder's direct superior sent Ms. Felder a text message that purported to be supportive of her pregnancy but that was actually designed to encourage her to quit, stating as follows:

> How are you feeling? Do you know what are your plans for the fall? Do you want to work or are you taking off? Just hearing a lot of pregnant woman [being] concerned.... You know whatever you choose I am supportive.

18. In response, Plaintiff informed her direct superior that she "definitely want[ed] to come back next year."

19. Shortly thereafter, Plaintiff was terminated.

20. This is not the first time Ms. Felder suffered an adverse employment action due to discrimination by MAR JCC against pregnant or nursing women. Several months before Ms. Felder previously had a baby in October 2015, Ms. Felder's direct superior involuntarily demoted Ms. Felder from head teacher to assistant teacher and involuntarily

reduced Ms. Felder's pay as a result. At that time, Ms. Felder's direct superior told Ms. Felder the reason she was being demoted was that she would have to nurse and otherwise tend to her baby.

21. Ms. Felder would not have been subjected to any adverse employment actions had she not been pregnant and everything else had been the same.

22. Alternatively, at a minimum, unlawful discrimination was at least one of the reasons for the adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

23. Ms. Felder timely filed a Charge of Discrimination with the Equal Employment Opportunity Commission and Florida Commission on Human Relations.

24. The EEOC issued Ms. Felder a Notice of Right to Sue on January 13, 2021.

**COUNT I**

**SEX AND PREGNANCY DISCRIMINATION IN VIOLATION OF
TITLE VII OF THE CIVIL RIGHTS ACT OF 1964
AND THE PREGNANCY DISCRIMINATION ACT OF 1978**

25. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 24 as if fully set forth herein.

26. Plaintiff belongs to a protected class, as she is a woman. Additionally, Plaintiff belongs to a class specifically protected in that she was pregnant at the time she was terminated.

27. Defendant unlawfully discriminated against Plaintiff by terminating her because of her sex and specifically on the basis of pregnancy.

28. Plaintiff suffered as a result of being wrongfully terminated.

29. Defendant treated similarly situated, non-pregnant employees more favorably than Plaintiff.

30. Defendant had no legitimate business reason for its discriminatory behaviors and actions against Plaintiff.

31. Defendant had no legitimate business reason for taking adverse actions against Plaintiff.

32. Alternatively, if Defendant did have any legitimate business reason(s) to take any of the aforementioned adverse actions against Plaintiff, then discrimination was at least an additional reason for the aforementioned adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

33. In discriminating against Plaintiff, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

34. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff ELLA FELDER demands judgment against Defendant MICHAEL-ANN RUSSELL JEWISH COMMUNITY CENTER, INC., for all allowable remedies (equitable and/or at law) pursuant to Title VII of the Civil Rights Act of 1964 and the Pregnancy Discrimination Act of 1978, all allowable compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

---

**COUNT II**

**SEX AND PREGNANCY DISCRIMINATION
IN VIOLATION OF THE
FLORIDA CIVIL RIGHTS ACT OF 1992**

---

35. Plaintiff repeats and re-alleges the allegations of Paragraphs 1 through 24 as if fully set forth herein.

36. Plaintiff belongs to a protected class, as she is a woman. Additionally, Plaintiff belongs to a class specifically protected in that she was pregnant at the time she was terminated.

37. Defendant unlawfully discriminated against Plaintiff by terminating her because of her sex and specifically on the basis of pregnancy.

38. Plaintiff suffered as a result of being wrongfully terminated.

39. Defendant treated similarly situated, non-pregnant employees more favorably than Plaintiff.

40. Defendant had no legitimate business reason for its discriminatory behaviors and actions against Plaintiff.

41. Defendant had no legitimate business reason for taking adverse actions against Plaintiff.

42. Alternatively, if Defendant did have any legitimate business reason(s) to take any of the aforementioned adverse actions against Plaintiff, then discrimination was at least an additional reason for the aforementioned adverse actions against Plaintiff, and Defendant, at best, possessed mixed motives.

43. In discriminating against Plaintiff, Defendant acted with malice and reckless disregard for Plaintiff's federally protected rights.

44. As a result of the Defendant's unlawful discrimination, Plaintiff has suffered damages.

**WHEREFORE**, Plaintiff ELLA FELDER demands judgment against Defendant MICHAEL-ANN RUSSELL JEWISH COMMUNITY CENTER, INC., for all allowable remedies (equitable and/or at law) pursuant to the Florida Civil Rights Act of 1992, all allowable compensatory damages, liquidated damages, damages for emotional distress, mental anguish, and loss of dignity; and punitive damages; attorneys' fees; taxable costs allowable by law; prejudgment and post-judgment interest; and such other and further relief as this Court deems just and proper.

## DEMAND FOR JURY TRIAL

45. Plaintiff demands a trial by jury for all issues so triable.

Respectfully submitted,

**THE BURTON FIRM, P.A.**
*Counsel for Plaintiff Ella Felder*
2875 N.E. 191 Street, Suite 403
Miami, Florida 33180
P: 305-705-0888 | F: 305-705-0008
pleadings@theburtonfirm.com
rb@theburtonfirm.com
mburton@theburtonfirm.com

By: /s/ Marc A. Burton
Richard J. Burton      Fla. Bar No. 179337
Marc A. Burton         Fla. Bar No. 95318